IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BOBBY JOE MANZIEL AND OIL PALACE, INC., <br><br>   Plaintiffs, <br><br>   v. <br><br> SENECA INSURANCE COMPANY, INC., VERICLAIM, INC. AND SHAUN KEEFER, <br><br>   Defendants. | § § § § § § § § § § § § § § § CIVIL ACTION NO. 3:15-CV-03786-M |

**MEMORANDUM OPINION & ORDER**

Before the Court is the Motion to Remand, filed by Plaintiffs Bobby Joe Manziel and Oil Palace, Inc. [Docket Entry #5]. For the reasons set forth below, Plaintiffs' Motion to Remand is **GRANTED.**

**I. BACKGROUND**

On September 23, 2015, Plaintiff Oil Palace, Inc., a business incorporated under Texas law with its principal place of business in Tyler, Texas, and Plaintiff Bobby Joe Manziel, a natural person who is a citizen of Texas, filed an Original Petition in the 160th Judicial District Court of Dallas County, Texas against (1) Defendant Seneca Insurance Company, Inc., which Plaintiffs claimed to be an insurance company incorporated under New York law with its principal place of business in New York; (2) Defendant Vericlaim, Inc., an insurance adjusting company formed under Delaware law, with its principal place of business in Illinois; and (3)

1

Defendant Shaun Keefer, an individual adjuster who is a natural person and a citizen of Texas. [Docket Entry #1-2 at 4-7].

Plaintiffs assert claims for damages to Oil Palace's property, allegedly insured by Seneca. [Docket Entry #1-2 at ¶ 4.2]. Plaintiffs plead that Seneca sold Oil Palace a commercial insurance policy for Oil Palace's property in Tyler, Texas. [Docket Entry #1-2 at ¶ 4.1]. On April 18, 2015, the Tyler property sustained damage in a wind and hail storm, and Oil Palace submitted a claim to Seneca. *Id.* at ¶ 4.2. Seneca assigned Vericlaim to be its third-party adjuster, and it assigned Keefer to the project. *Id.* at ¶ 4.3. Plaintiffs allege that Seneca wrongfully denied Oil Palace's claim. *Id.* at ¶ 4.4.

Plaintiffs filed suit in state court for violations of the Texas Insurance Code, failure to make prompt payment of the claim, breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act, and fraud, seeking actual damages, interest, and punitive damages. [Docket Entry #1-2]. All causes of action were directed to all defendants, except for the alleged breaches of contract and fiduciary duty, which were directed only to Seneca. *Id.* at ¶¶ 8.1-9.2. Plaintiffs allege that Keefer failed to prepare estimates, falsely represented that there was no hail damage, and failed to maintain effective communication, thereby prolonging and delaying resolution of Plaintiff's claim. *Id.* at ¶ 4.4.

Seneca removed the case, arguing in its Notice of Removal that Keefer was improperly joined because Plaintiffs failed to state a claim against him, and that his Texas citizenship should thus be disregarded for purposes of diversity jurisdiction. *Id.* at ¶ 9, 12.

Plaintiffs moved to remand, arguing that this Court must evaluate its Petition under Texas pleading standards. [Docket Entry #5 at ¶ 4]. Alternatively, Plaintiffs contend that they stated a

viable claim against Keefer if their suit is evaluated according to federal pleading standards and that, therefore, there is not complete diversity. *Id.* at ¶ 14-17.

The only issue before this Court is whether or not Keefer has been properly joined.

## II. LEGAL STANDARD

A. *Removal Jurisdiction*

Title 28 U.S.C. § 1441(a) permits the removal of any civil action brought in a state court of which the district courts of the United States have original jurisdiction. This case was removed on the basis of diversity jurisdiction under 28 U.S.C. § 1332. [Docket Entry #1 at ¶ 5]. For a case to be removed based on diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). Under 28 U.S.C. § 1441(b), a case cannot be removed based on diversity jurisdiction if any properly joined defendant is a citizen of the state in which the action is brought.

B. *Improper Joinder*

The purpose of an improper joinder inquiry is to determine whether or not the federal district court has jurisdiction over the removed case. 28 U.S.C. § 1441(b); *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 2016 WL 1274030, at *10 (5th Cir. Mar. 31, 2016). There are two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the nondiverse party in state court. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)). If a nondiverse defendant has been properly joined, then the federal court has no jurisdiction and must remand the removed case. 28 U.S.C. § 1447.  If, however, it is found that the nondiverse defendant has been

improperly joined, then the remand must be denied and the claims against the nondiverse defendant dismissed without prejudice. *Int'l Energy*, 2016 WL 1274030, at *10. The defendant seeking removal must demonstrate that the district court has *no reasonable basis* to predict that the plaintiff might be able to recover against the nondiverse defendant. *Smallwood*, 385 F.3d at 573.

   C.  *The Applicable Pleading Standard*

In *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 2016 WL 1274030, at *1 (5th Cir. Mar. 31, 2016), the Fifth Circuit, addressing whether state or federal pleadings standards apply to the issue of improper joinder, held that a federal court must apply the federal pleading standard. *Id.* at *8. This requires the plaintiff's pleading to contain sufficient facts to state a claim to relief that is plausible on its face, providing more than a mere possibility to recovery. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Moreover, the pleading must provide more than "labels and conclusions" and do more than merely restate the elements of a cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III. ANALYSIS

Here, Plaintiffs' Petition alleges various causes of action against the nondiverse defendant, Keefer, including claims under the Texas Insurance Code. [Docket Entry #1-2 at 14-16]. To be liable under the Insurance code, one must be "in the business of insurance." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir.); *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 488 (Tex. 1998); Tex. Ins. Code Ann. § 541.002 (West). The Texas Supreme Court has held that the business of insurance "includes the investigation and adjustment of claims and losses." *Vail v. Texas Farm Bureau Mut. Ins. Co.*, 754 S.W.2d 129, 132 (Tex. 1998). Because Texas law recognizes that an adjuster can potentially be liable for Texas

Insurance Code violations, the sole issue before this Court is whether or not Plaintiffs have stated a viable claim against Keefer. If so, then Keefer was properly joined, and this Court must grant Plaintiffs' Motion to Remand for lack of diversity jurisdiction. *Int'l Energy*, 2016 WL 1274030, at *9.

If the Court finds a reasonable basis to predict that Plaintiffs can potentially recover on a claim asserted against Keefer, then the Court must remand the entire case. *Smith-Manning v. State Farm Lloyds*, 2013 WL 5637539, at *2 (N.D. Tex. Oct. 14, 2013) (Lynn, J.) (quoting *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004)).

A.  *Plaintiffs sufficiently pled that Keefer violated Tex. Ins. Code § 541.060(a)(2)*

In the Petition, Plaintiffs asserted a number of causes of action against Keefer under §541 of the Texas Insurance Code. [Docket Entry #1-2 at 14-16]. Plaintiffs claim that Keefer "failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear…failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim…refused to pay a claim without conducting a reasonable investigation with respect to the claim…[and] misrepresented the insurance policy." [Docket Entry #1-2 at 15-16]; Tex. Ins. Code Ann. §§ 541.060(a)(2)(A), (a)(3), (a)(7) (West); Tex. Ins. Code Ann. § 541.061(1)-(3) (West). All of these § 541 claims were asserted jointly against Keefer and his co-defendants, Seneca and Vericlaim. However, the Plaintiffs allege facts against Keefer that are independent of those asserted against his co-defendants. The Petition alleges the following:

> Keefer failed to prepare any estimates or scopes of damage to the Property. Instead, Keefer falsely represented that there was no hail damage to the Property. Additionally, Keefer retained an engineer to assess damage to the Property; that engineer was inadequate to evaluate the damage. Keefer refused to provide the report of findings to Oil Palace. Throughout the claims process Keefer failed

> to respond to emails or provide updates to Oil Palace, prolonging and delaying any claims resolution. As a result… [Oil Palace] was forced to hire its own consultants and representatives [, who] point[ed] out obvious damages that [Keefer] continued to ignore.

[Docket Entry #1-2 at ¶¶ 4.4].

Several courts, including this one, have concluded that an insurance adjuster may be held personally liable for engaging in unfair settlement practices under Tex. Ins. Code § 541.060(a)(2), because the adjuster has the ability to affect or bring about the settlement of a claim. *See Denley Group, LLC v. Safeco Ins. Co. of Ind.*, 2015 WL 5836226, at *3-4 (N.D. Tex. Sept. 30, 2015) (Boyle, J.); *Progressive Island, LLC v. Scottsdale Ins. Co.*, 2013 WL 6065414, at *2-3 (N.D. Tex. Nov. 18, 2013) (Lynn, J.); *Lopez-Welch v. State Farm Lloyds*, 2014 WL 5502277, at *8 (N.D. Tex. Oct. 31, 2014) (Lindsay, J.); *Shade Tree Apartments, LLC v. Great Lakes Reinsurance (UK) PLC*, 2015 WL 8516595, at *6 (W.D. Tex. Dec. 11, 2015). In ruling on the subject motion, this Court asks only whether there is a reasonable basis to predict that Plaintiffs might be able to recover against Keefer. *Smallwood*, 385 F.3d at 573. Since there is a reasonable basis, the Court finds that Plaintiffs' Petition is sufficient under the federal pleading standard to state a claim against Keefer under Tex. Ins. Code § 541.060(a)(2)(A). *Iqbal*, 556 U.S. at 678.

Because Keefer was not improperly joined, his citizenship destroys diversity jurisdiction and therefore requires the Court remand the action. *See* U.S.C. § 1447(c).

For these reasons, Plaintiffs' Motion is **GRANTED**, and this case is **REMANDED** to the **160th Judicial District Court of Dallas County, Texas**.

**SO ORDERED.**

Dated: July 13, 2016.

*[signature]*
BARBARA M. G. LYNN
CHIEF JUDGE